UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CARL KIRK, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:07-cv-1088-DFH-WTL |
| ) | |
| SUPERINTENDENT, Westville ) | |
| Correctional Facility, ) | |
| ) | |
| Respondent. ) | |

**Entry Concerning Selected Matters**

**I.**

Rule 6(a) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254, allows habeas corpus petitioners to conduct civil discovery "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." *See Bracy v. Bramley,* 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course"). In order to be entitled to discovery, a petitioner must make specific factual allegations that demonstrate that there is good reason to believe that the petitioner may, through discovery, be able to garner sufficient evidence to entitle him to relief. *See id.* at 908-09.

The motion for admission (dkt 30) filed by the petitioner on April 14, 2008, is of **no effect, and as a motion is denied,** because the petitioner has neither sought leave to conduct discovery nor has he demonstrated that there is good reason to believe that the petitioner may, through discovery, be able to garner sufficient evidence to entitle him to relief.

**II.**

The petitioner also seeks the appointment of counsel in his motion for admission (dkt 30). This request is **denied.** The reasons for this ruling are the following: the petitioner has the means (writing materials, etc.) to continue to present his claims in this action; the petitioner is literate and seems fully aware of the proceedings involving his conviction and sentence in the Indiana state courts; and the argument presented by the respondent in opposing the award of habeas corpus relief at this time is straightforward, both factually and legally. Additionally, it has not been determined that an evidentiary hearing will be

required in this case or that any other procedure will be invoked which would required the guiding hand of counsel. These are not circumstances in which it is in the interest of justice to appoint counsel for the petitioner. *See* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.").

### III.

The petitioner's motion for manumission (dkt 28) is **denied.** The reason for this ruling is that the petitioner has not yet established his entitlement to relief in this action, though that is the burden he faces, and hence his release from the state sentence he is serving is not warranted at this time.

### IV.

The petitioner shall have **through May 15, 2008,** in which to reply to the respondent's return to order to show cause.

So ordered.

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date:  4/21/2008

Distribution:

Carl H. Kirk
DOC #853462
Indiana State Prison
P.O. Box 41
Michigan City, IN 46360

James Blaine Martin
INDIANA STATE ATTORNEY GENERAL
james.martin@atg.in.gov