**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| CARL KIRK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:07-cv-1088-DFH-WTL |
| ) | |
| SUPERINTENDENT, Indiana State ) | |
| Prison, ) | |
| ) | |
| Respondent.[1] ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

This cause is before the court on the petition of Carl Kirk ("Kirk") for a writ of habeas corpus. Having considered the pleadings and the expanded record, and being duly advised, the court concludes for the reasons explained in this Entry that Kirk's petition for a writ of habeas corpus must be **denied** and the action dismissed without prejudice.

**I.**

Kirk was convicted in July 2006 of Residential Entry in an Indiana state court. He was sentenced to an executed term of 3 years, and is now serving that sentence. Kirk's direct appeal was dismissed in July 2007, based on Kirk's failure to file an appellant's brief. Kirk has not filed an action for post-conviction relief in the trial court and has not filed any other challenge to his conviction in the Indiana state courts.

Kirk now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). His claim is that his trial was tainted with constitutional error. His custodian opposes issuance of the writ Kirk seeks and the record has been appropriately expanded. Kirk has replied to the respondent's return to order to show cause.

**II.**

[W]hen examining a habeas corpus petition, "the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or

---

[1]The petitioner's current custodian, the Superintendent of the Indiana State Prison, is substituted as the respondent.

through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b), (c). *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues."). It was recently noted by the Supreme Court that:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U. S. C. §2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U. S. 364, 365 (1995) *(per curiam)* (quoting *Picard v. Connor*, 404 U. S. 270, 275 (1971)(citation omitted)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. *Duncan*, *supra*, at 365-366; *O'Sullivan v. Boerckel*, 526 U. S. 838, 845 (1999).

*Baldwin v. Reese,* 541 U.S. 27, 29 ( 2004).

The respondent argues that Kirk has not presented his habeas claims to the Indiana state courts and that because he may do so he has not exhausted his available state court remedies. The specific remedy the respondent contends is available to Kirk is an action for post-conviction relief. Kirk's reply to the respondent's argument is simply that he should prevail in this case because his habeas claims are meritorious. He also states that he has shown cause for and prejudice from his procedural default, although procedural default has not been asserted as a response to his habeas petition. In addition, his reply suggests that the conditions of his confinement violate his rights under the Eighth Amendment, although such a claim would be outside the scope of relief under federal habeas corpus. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). Kirk's replies are thus oblique at best. He has not filed an action for post-conviction relief in the trial court, but he may do so. Until he does so, his petition in this court is premature.

### III.

"The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1720 (1992). The only manner in which that purpose can be served is by dismissing this action, without prejudice, and allowing Kirk to present his challenge in the Indiana courts, if he elects to do so. So shall it be, and judgment consistent with this Entry shall now issue. The dismissal of the action shall be without prejudice.

So ordered.

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 4/29/2008